UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 12-20459
                                             Honorable Thomas L. Ludington

v.

ANTHONY BENNETT,

        Defendant.
_____/

**ORDER DENYING WITH PREJUDICE MOTION FOR COMPASSIONATE RELEASE**

During the summer of 2012, Bennett lived with his girlfriend, Jaimee Chamberlain, and her son, Carnel Chamberlain, on the Saginaw Chippewa Reservation in Mt. Pleasant, Michigan. Bennett is a member of the Saginaw Chippewa Native American Tribe. On June 21, 2012, Bennett was reportedly babysitting Carnel, who was four years old at the time, while Jaimee was at work. Late that evening, Bennett called Jaimee and indicated that he could not find Carnel. Jaimee rushed home, the tribal police were contacted, and a search for Carnel was initiated. On June 28, 2012, police discovered what they identified as Carnel's remains buried under the porch of Bennett and Jaimee's home. The remains were described as badly burned and unrecognizable.

That same day, a criminal complaint was filed charging Bennett with assault of a child under sixteen resulting in substantial bodily injury. A grand jury indictment was returned on July 11, 2012 charging Bennett with the same crime. Then, four months later, a first superseding indictment was returned. Therein, Bennett was charged with murder in the first degree, assault of a child resulting in substantial bodily injury, assault of a child, assault with a dangerous weapon, animal cruelty, and two counts of witness tampering. *See* First Super. Indictment 1–4, ECF No. 11.

Bennett pleaded guilty to the first count of the superseding indictment, murder in the second degree. ECF No. 50. He was sentenced to 480 months imprisonment. ECF No. 55.

**I.**

Bennett is still serving his sentence and has now filed a motion for compassionate release due to the threat of COVID-19. ECF No. 56. Compassionate release is addressed in 18 U.S.C. §3582(c)(1)(A) which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. §3582(c)(1)(A).

The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the BOP. Second, whether a sentence reduction is warranted in consideration of the factors set for in section 3553(a). Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each matter will be addressed in turn.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

In his motion for compassionate release, Defendant claims that he requested compassionate release from the warden on March 26, 2020, but received no response. ECF No. 56. According to the Government, the BOP has no record of Defendant making such a request. Because it is unclear whether Defendant made a request with the warden, his motion will not be denied on this basis and it will be presumed that 30 days have lapsed since he filed a request with the warden.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. §3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

Second degree murder is a serious offense. This is compounded by the fact that Defendant's victim was a child. Defendant's sentence was set at 480 months to reflect the seriousness of the offense. Furthermore, as explained below in Section I.C.2., Defendant poses a danger to others and the community.

## C.

The next matters to be resolved in addressing Defendant's motion for compassionate release are whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13 which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. 1B1.13. Defendant's situation does not present extraordinary and compelling reasons for a sentence reduction. Additionally, he has not demonstrated that he is not a danger to the safety of others.

**1.**

The commentary of the policy statement provides additional guidance about which circumstances qualify as having extraordinary and compelling reasons. It provides in relevant part:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is--
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13.[1]

Defendant does not represent in his motion that he suffers from any of the medical conditions listed above. He does not have a terminal illness. Nor does he suffer from a serious physical or medical condition or a serious functional or cognitive impairment that prevents him from providing self-care. Defendant identifies COVID-19 as a health threat, but the U.S.S.G. policy statement does not provide relief based on potential health risks. Instead, they must be actual medical conditions.

---

[1] The commentary also provides that extraordinary and compelling reasons may exist due to the defendant's age, their family circumstances, or any other reasons as determined by the BOP. Because none of these reasons are relevant to Defendant's situation, they will not be addressed.

**2.**

The policy statement directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would not be a danger to others or the community. The factors to be considered are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C.A. § 3142.

Consideration of the above factors support the conclusion that Defendant would be a danger to others and the community if released. His underlying offense of second-degree murder was both violent and involved a minor. Additionally, he attempted to conceal the offense by burning the victim's body and burying the remains beneath the porch of his home. He withheld this information from law enforcement for a week while they searched for the victim. Defendant does not provide in his motion any reason that the Court should reach a different conclusion regarding the danger he poses to others and the community.

**II.**

Accordingly, Bennett's Emergency Motion for Compassionate Release, ECF No. 56, is **DENIED**.

Dated: June 25, 2020  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Anthony Bennett** #47387-039, TUCSON FEDERAL PRISON CAMP, Inmate Mail/Parcels, P.O. BOX 24550, TUCSON, AZ 85734 by first class U.S. mail on June 25, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager